**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and COOMER, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 21, 2020**

# In the Court of Appeals of Georgia

A20A1124. DILFIELD et al. v. BEALING et al.

COOMER, Judge.

James and Keri Bealing sued Christopher and Lindsay Dilfield after the Dilfields' dog bit the Bealings' son. The Dilfields appeal from the trial court's denial of their motion for summary judgment, contending that the trial court erred in finding (1) that the Bealings may recover damages arising from a dog bite injury without proving that the Dilfields had prior knowledge of their dog's dangerous propensities and (2) that an issue of fact exists regarding the proximate cause of the dog bite. For the following reasons, we reverse.

This Court reviews de novo a grant or denial of summary judgment, viewing the evidence and all reasonable conclusions and inferences drawn from it in the light most favorable to the nonmovant. *Norton v. Cobb*, 284 Ga. App. 303, 303-304 (643

SE2d 803) (2007). Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Id. at 303; see OCGA § 9-11-56 (c). "[T]he burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case." *Ellison v. Burger King Corp.*, 294 Ga. App. 814, 819 (3) (a) (670 SE2d 469) (2008) (citation omitted); see OCGA § 9-11-56 (c). "If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue." *Ellison*, 294 Ga. App. at 819 (3) (a) (citation omitted); see OCGA § 9-11-56 (e).

Viewed in the light most favorable to the Bealings as the nonmovants, the record shows that the Bealings and the Dilfields were neighbors and that the Bealings' five-year-old son would often visit the Dilfields' home to play with their daughter. The Dilfields owned two dogs and would put them in crates in another room or in the garage when the Bealings' son came over to play. On the day of the incident, the Bealings' son was playing with the Dilfields' daughter and other children, and at some point returned to his home and told his parents that he had been

bitten on the leg by the Dilfields' dog.[1] The next day, the Bealings contacted the Dilfields and were told that it had been over a year since the dog had been vaccinated for rabies. The Bealings' son was treated for his injury, receiving a series of rabies shots over a 30-day period.

In their complaint, the Bealings asserted claims against the Dilfields for negligence per se and negligence for failing to vaccinate their dog.[2] The Bealings alleged that the Dilfields' dog had bitten their son, who was required to undergo medical treatment as a result of the Dilfields' failure to vaccinate the dog. The Dilfields filed a motion for summary judgment. The Dilfields did not dispute that the incident occurred or that the Bealings' son was injured, but argued that the Bealings were not entitled to recover damages because there was no evidence in the record that the Dilfields knew the dog had any propensity to bite or injure a person before the Bealings' son was injured. After a hearing, the trial court concluded that questions of

[1] The Dilfields asserted that the Bealings' son left their home and then returned later in the day without knocking on the door and without their knowledge or permission, and that the dog ran toward him and slid into him due to the hardwood flooring.

[2] Although the Bealings filed amendments to their complaint raising additional claims before the trial court's ruling on the Dilfields' motion for summary judgment, it appears the trial court considered the Dilfields' motion only with regard to the claims of negligence per se and negligence for failure to vaccinate. We therefore do not address or express any opinion concerning the additional claims raised in the amended complaints.

fact remain regarding the dog's behavior, the Dilfields' practice of containing the dog, and whether those facts amount to a finding of dangerous propensity. The trial court also concluded that issues of causation and foreseeability remain for the jury. The trial court denied the Dilfields' motion for summary judgment and issued a certificate of immediate review. The Dilfields filed an application for interlocutory appeal, which we granted. This appeal followed.

1. The Dilfields contend that the trial court erred in finding that the Bealings may recover damages arising from a dog bite injury without proving the Dilfields had prior knowledge of their dog's dangerous propensities, and denying summary judgment on that basis. The Dilfields also contend that the evidence in the record is insufficient as a matter of law to show that they had knowledge of their dog's dangerous propensity before he bit the Bealings' son. We agree.

In its order denying the Dilfields' motion for summary judgment, the trial court concluded that the Dilfields were not entitled to summary judgment on the negligence per se claim because they had not established "that there is no legal duty under statute or ordinance to perform an act for the benefit of another, i.e., to vaccinate their dog to prevent the spread of rabies, or to otherwise take measures to avoid subjecting those who come in contact with the dog from the possible risk of rabies exposure."

4

The trial court rejected the Dilfields' argument that there was no evidence that they had any knowledge that their dog had vicious or dangerous propensities. The trial court noted that the Bealings had proffered several facts to dispute the Dilfields' argument: "first, that [the Dilfields] would put their dog away in a separate room when [the Bealings' son] would visit, even though they did not follow a similar procedure for their other dog; second, that the dog would jump and bark at the front door when people passed by the house." The trial court's order then states:

> Plaintiffs also argue in the alternative that a showing of dangerous propensities is not required, because unlike traditional dog bite cases involving damages for physical injuries, their damages result from [the Dilfields'] failure to maintain statutorily required rabies vaccination and the costs associated with preventative rabies treatment due the risk of possible rabies exposure. The Court finds that these arguments are sufficient to create genuine issues of material fact which are properly brought before a jury.

The trial court's suggestion that a plaintiff may recover against a dog's owner for injuries arising from a dog bite without proving the owner had prior knowledge of the dog's dangerous propensities is contrary to Georgia law.

> In a typical dog bite case, regardless of whether the cause of action is based on the premises liability statute (OCGA § 51-3-1) or the dangerous animal liability statute (OCGA § 51-2-7), a plaintiff must

produce evidence of the vicious propensity of the dog in order to show that the owner of the premises had superior knowledge of the danger.

*Custer v. Coward*, 293 Ga. App. 316, 319 (2) (667 SE2d 135) (2008) (citation omitted).

Our law does not presume that dogs are vicious or dangerous. To the contrary, it presumes that dogs, regardless of breed, are of a harmless species, and for that reason, our courts require actual proof of the dangerous nature of a particular dog and of his owner's knowledge of the particular dog's deviation from presumptive harmlessness.

*Steagald v. Eason*, 300 Ga. 717, 719 (797 SE2d 838) (2017) (citations and punctuation omitted).

In *Tyner v. Matta-Troncoso*, 305 Ga. 480, 480 (826 SE2d 100) (2019) the plaintiffs brought a negligence claim against a landlord, alleging he was liable under OCGA § 44-7-14 for injuries suffered in an attack by dogs owned by the landlord's tenants because he had failed to repair a broken gate latch. Citing *Johnston v. Warendh*, 252 Ga. App. 674, 678 (3) (556 SE2d 867) (2001), disapproved of on other grounds by *S&S Towing & Recovery, Ltd. v. Charnota*, ___ Ga. ___ (844 SE2d 730) (2020), where this Court noted the lack of precedent "which provides for liability for dog bites other than OCGA § 51-2-7 and the premises liability statute, OCGA § 51-3-

6

1[,]" the Supreme Court of Georgia made no determination about whether OCGA § 44-7-14 can be used to hold out-of-possession landlords liable for injuries resulting from dog bites. *Tyner*, 305 Ga. at 484 (3). The Court explained that, assuming OCGA § 44-7-14 can be used for this purpose, the plaintiff must "present some evidence showing that the landlord had knowledge of the dogs' tendencies or propensities to do harm in order to demonstrate reasonable foreseeability." Id. at 484 (3), 487 (3). Because the record presented no evidence that the landlord had knowledge that the dogs had been aggressive previously, the Court concluded that there was no evidence to create a jury issue as to whether the plaintiff's injuries were reasonably foreseeable, and that the landlord was entitled to summary judgment. Id. at 488-489 (3). Thus, even assuming that the violation of a vaccination statute or ordinance can be used to hold dog owners liable for injuries resulting from dog bites, the Bealings were required to present evidence that the Dilfields had knowledge of their dog's propensity to do harm in order to recover for their son's injury.

The trial court held that evidence that the Dilfields would put their dog away when the Bealings' son would visit even though they did not crate the other dog, and that the dog would jump and bark at the front door when people would pass the Dilfields' home, was some evidence of dangerous propensity. However, we have held

7

that barking at people generally does not serve as evidence of vicious propensity. See

*Huff v. Dyer*, 297 Ga. App. 761, 763 (1) (678 SE2d 206) (2009), disapproved of on

other grounds by *S&S Towing & Recovery, Ltd. v. Charnota*, ___ Ga. ___ (844 SE2d

730) (2020). And, without evidence of the reason the Dilfields crated the dog when

the Bealings' son came to their home, the act of crating him alone cannot be evidence

of a dangerous disposition."[S]peculation which raises merely a conjecture or

possibility is not sufficient to create even an inference of fact for consideration on

summary judgment." (Punctuation omitted.) *Ellison*, 294 Ga. App. at 819 (3) (a)

(citation and punctuation omitted). Both parties admitted that they had no knowledge

that the dog had previously bitten anyone, and the Dilfields averred that they had

never observed any aggressive behavior by the dog. Because there was no evidence

that the Dilfields were aware of their dog's vicious propensity, the trial court erred

in denying summary judgment on the claims for negligence per se and negligence for

failure to vaccinate.

2. Because of our conclusion in Division 1, we will not address the Dilfields'

remaining arguments.

*Judgment reversed. Barnes, P. J., and Gobeil, J., concur*.